This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

v.                                                                          **NO. 34,793**

**NEIL FREEDMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellant

Jorge A. Alvarado, Chief Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1} The State appeals the district court's dismissal of criminal charges brought against Defendant. We issued a notice proposing to summarily affirm, and the State has filed a memorandum opposing such affirmance. We have carefully considered the arguments raised in the memorandum, but we continue to believe the district court's decision was correct, as we discuss below.

{2} Defendant was charged with negligently causing or permitting his daughter to sexually abuse her own children, Defendant's grandchildren, in violation of NMSA 1978, Section 30-6-1(D) (2009). Defendant stipulated to a number of facts, including additional facts proposed by the State after Defendant filed his motion, and moved to dismiss the charges under the authority of *State v. Foulenfont*, 1995-NMCA-028, ¶¶ 5-6, 119 N.M. 788, 895 P.2d 1329 (holding that a pretrial motion to dismiss charges may be made under Rule 5-601 NMRA on the basis of stipulated facts). The State did not indicate that it believed it could discover additional facts beyond those that were stipulated to, and the district court made its decision on the basis of those stipulated facts. *See id.* ¶ 6 (noting that the State declined the district court's invitation to propose additional facts for inclusion in the record). The district court held that as a matter of law the stipulated facts did not sufficiently allege a violation of Section 30-6-1(D), and the State appeals that determination.

{3} The stipulated facts are as follows: (1) Defendant is the grandfather of the two child victims (Children); (2) prior to the events in question in this case, a court order

2

had granted supervised visitation with Children to Children's mother (Mother), with the visitation to be supervised by Children's maternal grandmother (Grandmother) or their paternal grandparents; (3) on the day of the alleged incident, Defendant transported Children from their residence to Grandmother's house, so they could attend a birthday party being held at the residence; (4) Mother was also in attendance at the birthday party, and Grandmother was present; (5) Defendant thought he saw Mother take Children into a bathroom at some point during the party; (6) Mother allegedly sexually assaulted both Children in the bathroom; and (7) Mother had a violent criminal history of which Defendant should have been aware, including acts of domestic violence against Grandmother as well as a four-year-old incident in which she rammed her vehicle into a vehicle carrying both her boyfriend and Children. [DS 3; RP 83-86]

{4}    The standard to be applied to the above facts has recently been explained by our Supreme Court as one of recklessness rather than mere negligence. *State v. Consaul*, 2014-NMSC-030, ¶¶ 37-40, 332 P.3d 850. The State must prove that Defendant acted with "reckless disregard," meaning that Defendant "consciously disregard[ed] a substantial and unjustifiable risk of such a nature and degree that its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id.* ¶ 37. In the notice of proposed summary disposition we proposed to agree with the district court and to find that the stipulated

facts fall far short of the showing that would be required to meet the reckless-disregard standard.

{5}     The State has responded to our notice with two main arguments. First, the State contends that the question of reckless disregard is based on the community's moral and normative values and is not a pure question of law. In addition, the definition depends on what a law-abiding person would do in the actor's situation, and is therefore "explicitly contextual." [MIO 4] As such, argues the State, determinations of reckless disregard require the application of a jury's common sense and common experience, as well as its consideration of community behavioral norms, and this case should therefore have been allowed to go to trial. We agree with the State that in the vast majority of cases, the issue of whether a defendant acted with reckless disregard should be left to a jury. However, where the evidence in the case is so lacking that no reasonable jury could find the existence of reckless disregard, the charge of negligent child abuse must be dismissed. *Cf., e.g., State v. Chavez*, 2009-NMSC-035, ¶¶ 45-52, 146 N.M. 434, 211 P.3d 891 (reversing conviction for negligent child abuse due to insufficient evidence that the situation presented a substantial risk of harm to the child victim). Otherwise, the defendant will be subjected to the stress and hardship of trial and a possible conviction, only to have an appellate court subsequently determine the evidence was insufficient to meet the *Consaul* standard of reckless disregard. *See Consaul*, 2014-NMSC-030, ¶ 49 (holding that evidence of causation was insufficient

to support the defendant's conviction for negligent child abuse); *Chavez*, 2009-NMSC-035, ¶ 52 (holding that evidence of substantial risk of harm was insufficient to support conviction for same offense). We therefore do not accept the State's premise, which is that as a matter of law all negligent child abuse cases must be submitted to a jury for a determination as to whether the reckless-disregard standard has been met.

{6}     In addition to arguing that all questions of reckless disregard must be submitted to a jury, the State focuses on the stipulated facts in this case and contends they do raise a question of fact as to whether Defendant acted with reckless disregard. The State takes issue with the district court's statement, with which we proposed to agree: "[h]ow could [Defendant] foresee that his daughter would sexually molest his granddaughters in the bathroom?" [MIO 5] According to the State, this is not the correct inquiry; instead, the stipulated facts must be viewed to determine whether Defendant had a consciousness of a substantial and unjustifiable risk that Mother would harm Children in any way. [MIO 6] The State then points out that Defendant knew Mother had previously rammed her vehicle into another vehicle carrying Children. The State also maintains that Defendant knew Children were not to be left alone with Mother. [MIO 6]

{7}     For purposes of this opinion, we will accept the State's contention that the specific nature of the possible harm need not be foreseeable if the defendant is aware

5

of a substantial and unjustifiable risk that any type of harm could result from the situation. We disagree, however, with the State's assertion that a reasonable jury could find Defendant consciously disregarded such a risk in this case. Although Defendant knew that four years ago Mother rammed a vehicle containing her boyfriend and Children, there was no evidence of any more recent violent incidents involving Mother and Children. In addition, the State's argument that Defendant knew Children were never to be left alone with Mother is not supported by the citation the State provides to the record proper. Specifically, Mother's visitation with Children was limited to supervised visitation, with the supervision to be provided by Grandmother or Children's paternal grandparents. [RP 84-85] There is no indication in the record that this supervised visitation meant Mother could never be left alone with Children even for a few minutes, and there is certainly no indication that Defendant knew about such a restriction if it existed. As we pointed out in the notice of proposed disposition, there is no evidence that on the day of the incident Mother was angry at Children, or was acting strangely toward them or toward anyone else. There is also no evidence that Defendant was aware of any untoward or dangerous incidents occurring in any prior period of supervised visitation involving Mother and Children. We note that subsequent to the four-year-old ramming incident, Mother was allowed supervised visitation with Children, indicating an absence of serious concern for any imminent threat of harm to Children that might arise from contact with Mother. Given the lack

6

of any indication of ill will or ill intent on the part of Mother toward Children other than one four-year-old incident, no reasonable jury could determine that when Defendant saw Mother take her own Children into the bathroom at a birthday party he "consciously disregard[ed]" a "substantial and unjustifiable risk" that Children would be harmed by Mother, or that his conduct constituted a "gross deviation from the standard of conduct that a law-abiding person would observe" in Defendant's situation. *Consaul*, 2014-NMSC-030, ¶ 37. We therefore affirm the district court's decision dismissing the indictment brought against Defendant.

{8}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**